UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DAVID ALEN RICHARDS

    Plaintiff,

v.                                                              Civ. No. 21-607 KG/GJF

CITY OF LOVINGTON, et al.,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN
PART COUNTY DEFENDANTS' MOTION TO COMPEL**

THIS MATTER is before the Court on County Defendants' "Motion to Compel No. I: Plaintiff's Rule 26(A)(1) Initial Disclosures and For Sanctions" ("Motion") [ECF 43]. As Plaintiff did not file a response by the applicable deadline, this Motion is now considered fully briefed. ECF 44 (Notice of Briefing Completion). For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

**I. RELEVANT BACKGROUND**

The instant action was removed to this Court on July 1, 2021, after being originally filed in New Mexico State Court on April 28, 2021. ECF 1 at 1–5; ECF 1-1 at 1. Generally, Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983, conspiracy to violate civil rights under 42 U.S.C. § 1985, trespass under New Mexico state law, and battery under New Mexico state law. ECF 1-1 at 5–13. On August 6, 2021, the Court entered an initial scheduling order, ordering the parties to meet and confer on a joint discovery plan and setting a Scheduling Conference. ECF 24. On September 17, 2021, Plaintiff's counsel moved to withdraw as counsel for Plaintiff. ECF 29. While Plaintiff's counsel's motion was still pending, the parties filed a provisional discovery plan on September 28, 2021. ECF 31 at 1. On October 7, 2021, the Court granted Plaintiff's counsel's

motion to withdraw, as Plaintiff did not file any objections to the motion within the fourteen-day period allowed by D.N.M.LR-Civ. 83.8(b). ECF 36.

On the same day, the Court continued the Scheduling Conference to November 2, 2021, and ordered the parties to meet and confer no later than October 22, 2021, and to prepare a new provisional discovery plan, if the one prepared by Plaintiff's former counsel and defense counsel was not still acceptable to all parties. ECF 37 at 1. The Court also noted in that order, however, that "[i]nitial disclosures under Federal Rule of Civil Procedure 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session." *Id.* In partial compliance with the Court's order, the parties met and conferred on October 27, 2021. ECF 43 at 4.

At the Scheduling Conference, Plaintiff appeared *pro se*. The Court advised him that although he was proceeding without the assistance of counsel, the Court would still expect him to follow the Federal Rules of Civil Procedure and the Local Rules of this Court. ECF 39 at 2 (Clerk's Minutes). The Court also emphasized that Plaintiff had an obligation to respond to discovery requests served on him by Defendants. ECF 39 at 2. Based on Plaintiff's agreement to the discovery schedule proposed by his former attorney and defense counsel, *id.*; *see generally* ECF 31 (Joint Status Report), the Court entered an Order Setting Pretrial Deadlines and Briefing Schedule on November 3, 2021, ECF 40.

County Defendants filed the instant Motion on December 21, 2021, seeking to compel Plaintiff to provide them with the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) and for sanctions pursuant to Federal Rule of Civil Procedure 37.

## II. LAW REGARDING INITIAL DISCLOSURES

Discovery begins with initial disclosures. Fed. R. Civ. P. 26. Federal Rule of Civil Procedure 26(a)(1) requires parties to disclose certain information "automatically to other parties,

2

without the need for discovery requests." *Martinez v. Caterpillar, Inc.*, No. CIV 06-236 RHS/RLP, 2007 WL 9717936, at *1 (D.N.M. Jan. 5, 2007). Rule 26(a)(1)(A) requires the parties to provide:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defense, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defense, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspecting and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A)(i)–(iv).

> Additionally, the Local Rules specify that
>
> [i]n all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defense, unless solely for impeachment:
>
> (1) a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date:
>
> (2) all records of such healthcare providers which are already in that party's possession, which will be made available for inspection and copying by all other parties to the action;
>
> (3) for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A." Within fourteen (14) days after receiving

medical records by use of these authorization forms, a party must make the records available for inspection and copying by all other parties to the action.

D.N.M.LR-Civ. 26.3(d).

Initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(c). Under Rule 26(a)(1)(E), a party must provide information that it has in "its possession, custody, or control and may use to support its claims or defenses." *Tierra Blanca Ranch High Country Youth Program v. Gonzales*, No. CIV-15-0850 MCA/LAM, 2017 WL 4277137, at * 1 (D.N.M. Jan. 27, 2017). Parties are under a continuing obligation to supplement their initial disclosures. *See* Fed. R. Civ. P. 26(a)(2)(E) and 26(e). Parties are "not excused from making [their] disclosures because [they] have] not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E).

### III. DISCUSSION

Because the parties met and conferred on October 27, 2021, Plaintiff's initial disclosures were due on November 10, 2021. Fed. R. Civ. P. 26(c). Although Plaintiff has served Defendants with disclosures that partially comply with Fed. R. Civ. P. 26(a)(1), Plaintiff failed to disclose his computation of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). ECF 43-1 at 4 ("Undersigned counsel is at present unable to comply with this requirement. Upon information and belief, there exist medical records documenting injuries suffered as a result of, or medical conditions exacerbated by, the events at issue herein.").

Plaintiff failed to respond to County Defendants' Motion. Pursuant to Local Rule 7.1(b), therefore, the Court will construe Plaintiff's failure as "constitut[ing] consent to grant the motion." D.N.M.LR-Civ. 7.1(b). The Court will grant the Motion to the extent it requests an order that Plaintiff produce all information required under Federal Rule of Civil Procedure 26(a)(1)(A)(i)–(iv) and Local Rule 26.3(d).

On the secondary issue of sanctions, however, the Court finds that because Plaintiff is proceeding *pro se* and because Plaintiff's former counsel had already submitted partially complete initial disclosures, ECF 43-1 at 4, the "circumstances make an award of expenses unjust" under Federal Rule of Civil Procedure 37(a)(5)(A)(iii). Accordingly, the Court will deny County Defendant's request for attorney's fees and other expenses under Rule 37(a)(5)(A).

The Court, however, cautions Plaintiff that if he continues to disregard his discovery obligations, he will be subject to sanctions. Available sanctions include being required to pay Defendants' "reasonable expenses incurred, including [Defendants'] attorney's fees," if further motions to compel become necessary. Fed. R. Civ. P. 37(a)(5)(A). In addition, if Plaintiff fails to comply with the instant Order or any future discovery obligations, the Court may impose one or more of the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed; [and/or]
> (v) *dismissing the action or proceeding in whole or in part*[.]

Fed. R. Civ. P. 37(b)(2)(A)(i)–(v) (emphasis added). The Court will not warn Plaintiff again of the consequences for failing to participate in discovery. After all, Plaintiff is the party who filed this lawsuit and the Court expects him to fully participate in the required litigation process that he has brought upon himself in doing so.

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that County Defendants' Motion [ECF 43] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall serve all Defendants with initial disclosures that comply with Federal Rule of Civil Procedure 26(a)(1) and District of New

Mexico Local Rule 26.3 no later than **January 28, 2022**.[1]  **IT IS FURTHER ORDERED** that the Clerk of the Court shall deliver a copy of this Order by first-class mail to Plaintiff at 2910 S. Donna Road, Lovington, NM 88260, and update the docket sheet to reflect this address.

    **SO ORDERED.**

                                                */s/ Gregory J. Fouratt*
                                                THE HONORABLE GREGORY J. FOURATT
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Specifically, County Defendants have requested Plaintiff to supplement his initial disclosures with (1) "[a] copy or description by category and location of all documents, electronically stored information, and tangible things Plaintiff has in his possession, custody, or control and may use to support his claims" and (2) "[a] computation of each category of damages claimed by Plaintiff, who must also make available for inspection and copying as under [Federal Rule of Civil Procedure 34] the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." ECF 43 at 8. Plaintiff should take special care that his amended initial disclosures include such information.