UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DAVID ALEN RICHARDS

    Plaintiff,

v.                                                                                 Civ. No. 21-607 KG/GJF

CITY OF LOVINGTON, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant City of Lovington's "Motion to Compel Plaintiff's Responses to Its First Set of Written Discovery" ("Motion") [ECF 46]. As Plaintiff did not file a response by the applicable deadline, this Motion is now considered fully briefed. For the reasons stated below, the Court **GRANTS** the Motion.

### I. BACKGROUND

The instant action was removed to this Court on July 1, 2021. ECF 1 at 1–5. Generally, Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983, conspiracy to violate civil rights under 42 U.S.C. § 1985, and trespass and battery under New Mexico state law. ECF 1-1 at 5–13.

As detailed in a prior order [ECF 45], Plaintiff is proceeding *pro se*. ECF 36. Although he is proceeding as such, Plaintiff agreed on the record to the discovery schedule proposed by his former counsel. ECF 39 at 2. And because Plaintiff is proceeding *pro se*, the Court advised him of his obligation to respond to Defendants' discovery requests as required by the Federal Rules of Civil Procedure and the Local Rules. *Id.*

On December 21, 2021, Defendants Lea County, Corey Helton, Christopher Fom, and Patrick Burke ("County Defendants") filed a Motion to Compel Plaintiff's initial disclosures and

1

for sanctions. ECF 43. Plaintiff did not respond. The Court granted this motion in part and denied it in part. ECF 45 at 6. Although the Court ordered Plaintiff to serve County Defendants his initial disclosures, the Court denied County Defendants' request for sanctions. *Id.* The Court expressly warned Plaintiff, however, of the consequences of failing to comply with his discovery obligations and advised him that it would not warn him again. *Id.* at 5.

In the instant Motion, filed January 25, 2022, Defendant City of Lovington seeks to compel Plaintiff's response to its First Set of Interrogatories and its First Set of Requests for Production, which were both served on November 15, 2021. ECFs 41 & 46 at 1. Additionally, Defendant City of Lovington seeks sanctions against Plaintiff in the form of "its taxable costs and attorney's fees incurred in filing" the Motion. ECF 46 at 4. Once again, despite the passage of more than *five weeks*, Plaintiff has failed to file any response.

## II. RELEVANT LAW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 37(a)(3)(B)(iii) and (iv), "if a party fails to answer an interrogatory submitted under [R]ule 33 or fails to respond to a document request submitted under [R]ule 34, the discovering party may move for an order compelling an answer to the interrogatory and inspection in accordance with the request." *See Applied Capital, Inc. v. Gibson*, No. CV-05-0098 JB/ACT, 2006 WL 4017480, at *2 (D.N.M. Nov. 3, 2006). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer, or

respond." Fed. R. Civ. P. 37(a)(4). Such failures are "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order." Fed. R. Civ. P. 37(d)(2).

If a party, after being properly served with interrogatories or requests for production, "fails to serve its answers, objections, or written response, the Court "*must require*" the opposing party to pay the movant's reasonable expenses, including attorney's fees, incurred by their failure to respond. Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). The Court will not, however, order such payment if it can determine that the opposing party's failure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. (d)(1)(A)(3).

### III. DISCUSSION

The Court notes that under this District's local rules, Plaintiff's failure to respond to the Motion, *see* ECF 48, constituted "consent to grant the motion." D.N.M.LR.-Civ. 7.1(b). Nevertheless, under the Federal Rules of Civil Procedure, Plaintiff was undoubtedly required to respond or object to Defendant City of Lovington's written discovery requests. Fed. R. Civ. P. 33 (b) (requiring the party responding to interrogatories to serve his "answers and any objections within 30 days after being served with interrogatories"); Fed. R. Civ. P. 34(b)(2)(A) (requiring the party responding to requests for production to "respond in writing within 30 days after being served"); *see also* Fed. R. Civ. P. 37(d)(1)(A)(ii) (authorizing sanctions for failing to respond to interrogatories or requests for production).[1] The Court will therefore order Plaintiff to respond to Defendant City of Lovington's First Set of Interrogatories and its Request for Production of Documents and Things to Plaintiff [ECF 41].

---

[1] Because Defendant City of Lovington served Plaintiff with its written discovery requests on November 15, 2021, Plaintiff's responses to those requests are now untimely, as well more than 30 days have elapsed since they were served. ECF 41.

3

The Court will also order Plaintiff to pay the City of Lovington's taxable costs and attorney's fees incurred in filing the Motion. The Federal Rules of Civil Procedure authorize the Court to order sanctions on a party that has been "properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). In this case, "the court must require" Plaintiff "to pay the reasonable expenses, including attorney's fees" caused by his failure to respond Defendant City of Lovington's discovery requests. Fed. R. Civ. P. 37(d)(1)(A)(3). The Court finds that Plaintiff's failure to respond was not "substantially justified" and that there are no "other circumstances" that "make an aware of expenses unjust." *Id.* This is not Plaintiff's first discovery violation, and the Court has previously stated that it "will not warn Plaintiff again of the consequences for failing to participate in discovery." ECF 45 at 5. Although Plaintiff is proceeding *pro se*, he bears the same obligation to respond to discovery requests as counseled litigants. *Snyder v. New Mexico*, Civil No. 06-696 LFG/ACT, 2006 WL 8443202, at *3 (D.N.M. 2006) ("As Snyder is handling her own litigation, she is fully responsible for comply with the Federal Rules of Civil Procedure … While a party has the right to appear as a *pro se* litigant, that party must still comply with all requirements imposed on practicing counsel." (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)); c.*f. Williams v. Valencia County Sheriff's Office (VSCO)*, 33 F. App'x 929, 932 (10th Cir. 2002) ("Plaintiff's *pro se* status does not excuse her obligation to comply with the fundamental requirements of the Federal Rules of Civil [P]rocedure.").

### IV. DISMISSAL

This is the second motion filed pursuant to Federal Rule of Civil Procedure 37 that Defendants have filed, and Plaintiff has failed to respond to. *See* ECFs 43, 44, 45, 48. The Court also notes that, at the time of the writing of this Memorandum Opinion and Order, County Defendants have filed two other motions under Rule 37, currently waiting full briefing. *See* ECFs 47 & 49.

The Court may dismiss Plaintiff's case if (1) "no steps are taken to move the case forward" for "a period of ninety (90) days" and (2) Plaintiff is "give[n] written notice that the action may be dismissed thirty (30) days after the date of [such] notice, unless good cause is shown." D.N.M.LR-Civ. 41.1; *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (observing that Rule 41(b) of the Federal Rules of Civil Procedure "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the … court's orders"). Moreover, the Court reminds Plaintiff that continued discovery violations are also a basis for dismissal. Fed. R. Civ. P. 37 (b)(2)(A)(v), (d)(3) (stating that party who fails to "obey an order to provide or permit discovery" may be subject to dismissal of "an action or proceeding in whole or in part"); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). Again, the Court emphasizes that Plaintiff must abide by the Federal Rules of Civil Procedure in this case. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (observing that pro se plaintiffs must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)).

Accordingly, Plaintiff is hereby provided **NOTICE** that **this case may be dismissed if, within thirty days, he does not show good cause in writing as to why he has failed to move this case forward**. The Court will recommend dismissing this case without prejudice for

5

Plaintiff's failure to prosecute if he does not show good cause in writing as to why he has failed to move this case forward.

## V. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Defendant City of Lovington's "Motion to Compel Plaintiff's Responses to its First Set of Written Discovery" [ECF 46] is **GRANTED**. Plaintiff shall serve Defendant City of Lovington with his responses to its First Set of Written Discovery no later than **March 11, 2022**.

**IT IS FURTHER ORDERED** that Defendant City of Lovington shall submit to the Court a detailed summary of its taxable costs and attorney's fees incurred in filing the Motion no later than **March 11, 2022**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall deliver a copy of this Order by first-class mail to Plaintiff at 2910 S. Donna Road, Lovington, NM 88260.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE