## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

DAVID ALEN RICHARDS,

     Plaintiff,

v.                                                                          Civ. No. 21-607 KG/GJF

CITY OF LOVINGTON, et al.,

     Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants Lea County, Lea County Sheriff's Office Sheriff Corey Helton, Lea County Sheriff's Office Deputy Christopher Fom, and Lea County Sheriff's Office Deputy Patrick Burke's (collectively, "County Defendants") "Motion to Compel No. II: Plaintiff's Discovery Responses and for Sanctions" [ECF 47] and "Motion to Compel No. III Plaintiff's Rule 26(A)(1) Initial Disclosures and for Sanctions" [ECF 49] (collectively, "Motions").[1] As Plaintiff failed to file a response within the time allowed, *see* ECFs 47 (filed February 15, 2022) & 49 (filed February 22, 2022), these motions are considered fully briefed. D.N.M.LR-Civ. 7.4 (a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). For the reasons stated below, the Court **RECOMMENDS GRANTING IN PART** the Motions. Specifically, the Court recommends dismissal of the Complaint [ECF 1-1] as a sanction for discovery violations.

---

[1] On March 22, 2022, Defendants City of Lovington, Officer Michael Cabello, and Officer Victor Murillo filed their own "Motion to Dismiss Complaint as a Sanction for Failing to Participate in Discovery" [ECF 53]. This motion is also fully briefed, as Plaintiff did not file a response within the time allowed. D.N.M.LR-Civ. 7.4(a). This motion is not before me but is mentioned for background purposes.

## I.   BACKGROUND

As detailed in a prior order, *see generally* ECF 45, Plaintiff is proceeding in this case *pro se* and the Court has advised Plaintiff of his "obligation to respond to discovery requests served on him by Defendants." ECF 39 at 1. Since then, Defendants have sought to compel disclosure of Plaintiff's discovery responses four times.

First, on December 21, 2021, County Defendants filed a "Motion to Compel No. I: Plaintiff's Rule 26(A)(1) Initial Disclosures and for Sanctions," requesting that the Court order Plaintiff to produce all documentary evidence he had in his possession to support his claims and a computation of each category of damages claimed. ECF 43 at 8. Plaintiff failed to respond to this motion. ECF 45 at 4. The Court granted the motion in part and denied it in part, ordering Plaintiff to serve "all Defendants with initial disclosures that comply with Federal Rule of Civil Procedure 26(a)(1) and District of New Mexico Local Rule 26.3 no later than **January 28, 2022.**" *Id.* at 5–6 (emphasis in original). Although the Court declined County Defendants' request for attorney's fees, the Court cautioned Plaintiff that "if he continue[d] to disregard his discovery obligations, he w[ould] be subject to sanctions." *Id.* at 4–5. Additionally, the Court advised Plaintiff of the consequences of failing to participate in discovery—including dismissal of the Complaint—and that it would "not warn Plaintiff again." *Id.* at 5.

Second, on March 2, 2022, Defendant City of Lovington filed a "Motion to Compel Plaintiff's Responses to its First Set of Written Discovery," seeking Plaintiff's responses to written discovery and requesting that the Court order Plaintiff to pay Defendant City of Lovington's attorney's fees and costs. ECF 46 at 4. Again, Plaintiff did not file a response. ECF 50 at 1. Noting that it had previously advised Plaintiff that his failure to participate in discovery would result in sanctions, the Court ordered Plaintiff to serve Defendant City of Lovington responses to its First

Set of Written Discovery no later than March 11, 2022,[2] and ordered Defendant City of Lovington to submit a "detailed summary of its taxable costs and attorney's fees" incurred in filing the motion.

County Defendants filed the third and fourth motions to compel in this case in February 2022—the motions now before the Court. In their "Motion to Compel No. II: Plaintiff's Discovery Responses and for Sanctions," County Defendants seek responses to their December 14, 2021, written discovery requests. ECF 47 at 2. County Defendants represent that as of February 15, 2022, "Plaintiff has not responded to County Defendants' discovery requests." *Id.* at 3.[3] In their "Motion to Compel No. III: Plaintiff's Rule 26(A)(1) Initial Disclosures and For Sanctions," County Defendants seek an order compelling Plaintiff's compliance with Federal Rule of Civil Procedure 26(a)(1)(A). ECF 49 at 2. County Defendants assert that despite the Court's order requiring him to serve initial disclosures by January 28, 2022, "Plaintiff has repeatedly failed to provide a copy of all documents he may use to support his claim and … failed to provide a computation of his claimed damages." ECF 49 at 3. Ultimately, County Defendants request (1) an order compelling disclosure of the subject discovery; (2) dismissal of Plaintiff's Complaint with prejudice as a discovery sanction; and (3) an order requiring Plaintiff to pay County Defendants' attorney's fees and costs associated with filing the Motions. *See* ECFs 47 at 6 & 49 at 9.

## II. Law Regarding Dismissal as Discovery Sanction

Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), "[i]f a party … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further

---

[2] In its latest motion, Defendant City of Lovington (along with Defendants Cabello and Murillo) represents that as of March 22, 2022, Plaintiff has still not served his initial disclosures nor his responses to Defendant City of Lovington's First Set of Written Discovery. ECF 53 at 3.

[3] Per the Court's Order Setting Pretrial Deadlines and Briefing Schedule, Plaintiff's responses to County Defendants' December 14, 2021, written discovery requests were due no later than January 13, 2022. ECF 40 at 1 ("Responses shall be served within thirty (30) days.").

just orders," including "dismissing the action or proceeding in whole or in part." Likewise, under Rule 41, the Court may dismiss an action for failure to comply with a Court order. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Moreover, under Rules 37(d)(1)(ii) and 37(d)(3), the Court may dismiss an action after "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Notably, pro se litigants "are not immune from sanctions for failing to obey a discovery order." *Belford v. Nowlin*, No. 20-7070, 2021 WL 3148953, at *2 (10th Cir. July 26, 2021) (unpublished).

The Tenth Circuit has "recognize[d] that dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citing *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1998); *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872–73 (10th Cir. 1987)). "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including:" (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; (5) the efficacy of lesser sanctions. *Id.* at 921 (hereinafter, "*Ehrenhaus* Factors"). The first three factors aid the Court in deciding whether to apply *any* sanction, and "[t]he last two inform on whether dismissal or a lesser sanction is appropriate." *Drevaleva v. United States Dep't of Veterans Affs.*, No. 21-cv-761 WJ-JFR, 2021 WL 5083989, at *4 (D.N.M. Nov. 2, 2021) (citing *King v. Fleming*, 899 F.3d 1140, 1150 n.15 (10th Cir. 2018); *Jaiyeola v. Garmin Int'l, Inc.*, No. 2:20-CV-02068-HLT, 2021 WL 2515023, at *13 (D. Kan. June 18, 2021)). "Only when the aggravating factors outweigh the judicial system's

strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."
*Ehrenhaus*, 965 F.2d at 921.

## III. ANALYSIS

Because dismissal as a discovery sanction requires consideration of the *Ehrenhaus* Factors,
the Court considers each factor in turn.

### 1. Prejudice

County Defendants have been prejudiced by the amount of resources they have had to
expend in seeking Plaintiff's discovery compliance. *See Muldrow v. Giannini*, Civ. No. 18-1174
MV/JFR, 2019 WL 3323523, at *3 (D.N.M. May 28, 2019) (finding that failure to "engage in
discovery" constituted actual prejudice); *see also Chacon v. City of Sunland Park, New Mexico*,
CV 09-0760 MCA/WPL, 2011 WL 13284754, at *4 (D.N.M. June 1, 2011) (finding that because
the plaintiff's actions resulted in increased attorney's fees, the defendant suffered prejudice).
Moreover, apart from appearing at a single telephonic scheduling conference [ECF 39], Plaintiff
has not engaged in this litigation whatsoever since he began proceeding pro se, and "Defendant[s]
cannot defend a claim against [an] absent Plaintiff." *See Rowland v. Board of County Comm'rs for
County of Curry*, No. 20-cv-0646 GBW/SMV, 2021 WL 1784954, at *3 (D.N.M. May 5, 2021)
(citing *Ehrenhaus*, 965 F.3d at 921) (finding that plaintiff's failure to engage in the case constituted
actual prejudice); *Carlos Alonso v. Barham*, 16-cv-0903 KWR/SMV, 2020 WL 6581290, at *2
(D.N.M. Nov. 10, 2020) (same).

### 2. Interference with Judicial Process

Plaintiff has interfered with the judicial process by failing to comply with two of the
Court's orders: (1) to serve Defendants with initial disclosures as required by Rule 26 and Local
Rule 26.3 [ECF 45 at 6] and (2) to "show good cause in writing as to why he has failed to move

this case forward" [ECF 50 at 5]. *Chacon*, 2011 WL 13284754, at *5 ("As stated in *Ehrenhaus*, willful failure to comply with a direct court order flouts the court's authority and interferes with the orderly administration of justice." (citing *Ehrenhaus*, 965 F.2d at 921)); *Fischer v. Laraia*, No. CV 12-0673 JCH/CG, 2013 WL 12080314, at *4 (D.N.M. Dec. 19, 2013) ("Plaintiff's obstinacy has adversely affected the Court's ability to manage its docket and minimize unnecessary burdens on the Court. If a litigant 'could ignore court orders … without suffering the consequences, then [the court] could not administer orderly justice, and the result would be chaos.'" (quoting *Ehrenhaus*, 965 F.2d at 921 (brackets in original))); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (observing that Rule 41(b) of the Federal Rules of Civil Procedure "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the … court's orders"); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (observing that pro se plaintiffs must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)).

### 3. Culpability

The third factor weighs in favor of dismissal. At the November 2, 2021, Scheduling Conference—which Plaintiff attended—the Court "emphasized [Plaintiff's] obligation to respond to discovery requests served on him by Defendants." ECF 39 at 1. And in its January 13, 2022, order the Court again advised Plaintiff that it "expect[ed] him to fully participate in the required litigation process that he has brought upon himself." ECF 45 at 5. Despite being made aware of his discovery obligations, Plaintiff has chosen against participating in discovery. Thus, the Court finds that Plaintiff is culpable for his lack of participation. *See Muldrow*, 2019 WL 3323423, at *3 (finding pro se plaintiff culpable after magistrate judge advised him about "his legal responsibilities and the consequences of failing to comply with the local and federal rules of

procedure, court orders and all discovery obligations."); *Carlos Alonso*, 2020 WL 6581290, at \*2 ("[B]ased on the record before me, I find that Plaintiff is culpable for his lack of participation.").

    4. <u>Warning</u>

    The Court warned Plaintiff twice that his case may be dismissed if he failed to fulfill his discovery obligations. First, in January 2022, the Court advised that "if Plaintiff fail[ed] to comply with … future discovery obligations, the Court may" dismiss "the action … in whole or in part." ECF 45 at 5 (quoting Fed. R. Civ. P. 37(b)(2)(A)(v)). Second, on March 2, 2022, the Court provided notice "that this case may be dismissed if within thirty days, [Plaintiff] does not show good cause in writing as to why he has failed to move this case forward." ECF 50 at 5–6. As of the writing of this PFRD, Plaintiff has not filed any explanation for why he has failed to move this case forward.

    5. <u>Lesser Sanctions</u>

    The Court finds that lesser sanctions would be ineffective. The Court's warnings have thus far been unsuccessful. *See Fischer*, 2013 WL 12080314, at \*6 (finding that because the court had previously warned the plaintiff of the consequences of failing to meet discovery obligations, sanctions less than dismissal would be ineffective). And, as explained *supra*, Plaintiff has not participated in this case. *See Carlos Alonso*, 2020 WL 65781290, at \*2 ("[T]he Court is not convinced that lesser sanctions would be effective … because Plaintiff is not participating in the case." (citing *Ehrenhaus*, 965 F.2d at 921)); *Rowland*, 2021 WL 1784954, at \*2 (same); *see also Valdez v. Liberty Mut. Ins. Co.*, Civil Action No. 19-cv-01382-PAB-KMT, 2020 WL 4882436, at

*4 (D. Colo. Aug. 19, 2020) (finding that lesser sanctions would not be appropriate where plaintiff failed to comply with any deadlines, including responding to defendant's motions).

## IV. CONCLUSION

Based on the application of the *Ehrenhaus* factors, the Court recommends that this case be **DISMISSED WITH PREJUDICE** as a discovery sanction.  The Court further recommends that no other sanction be imposed.

**SO RECOMMENDED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.